UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE O. BEST,

                 Plaintiff,

       -against-

PATRICK MURRAY DOCTOR/SURGEON;
NYACK HOSPITAL; GOOD SAMARITAN
HOSPITAL; HELEN HAYES HOSPITAL,

                Defendants.

25-CV-5265 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction. He alleges facts suggesting claims of medical malpractice or negligence, arising out of events occurring in 2012. By order dated September 19, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants in this complaint are Nyack Hospital; Nyack Hospital surgeon

Patrick Murray; Good Samaritan Hospital; and Helen Hayes Hospital. With the exception of

Helen Hayes, which is located in Suffern, New York, in Westchester County, Defendants are

located in Nyack, New York, in Rockland County. The following facts are drawn from the

complaint, which Plaintiff filed on February 21, 2025.[1]

On July 27, 2012, Plaintiff fell, fractured his right leg, and suffered another type of

wound (described in the complaint as "open skin"), and an ambulance took him to Nyack

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

Hospital. (ECF 1 at 5.) Between July 27, 2012, and August 1, 2012, Dr. Murray and other

hospital staff failed or refused to "discuss" Plaintiff's treatment with him, which "forced" him to

sign a document "accepting unknown surgical procedures." (*Id.*) Plaintiff "had tremendous pain

after the surgery nullifying therapy," and he was discharged to Helen Hayes for "more therapy,"

but the pain "got worse," and Plaintiff's wound became infected. (*Id.* at 5-6.) He asserts that "no

one cleaned and/or dressed" the "open skin that eventually rotted down to the bone and internal

fixator." (*Id.* at 6.) Thereafter, at an unspecified time, Plaintiff

> was recommended to Westchester Medical Center where I had had nine corrective
> surgeries and removal of "infected fixator." All successful[] several nurses doctors
> great staff total of 11 surgeries. I was at Good Samaritan after Nyack Hospital. I
> had the last 3 surgeries at Hospital for Special Surgery Total = 14.

(*Id.*)

Plaintiff alleges without explanation that "counsel Duffy & Duffy" "noted" the "skin

wound," "open fracture," and "fleck of air."[2] (*Id.*) Among the medical records attached to the

complaint is a document indicating that Plaintiff was treated at Helen Hayes Hospital in August

of 2012. (*Id.* at 11.)

Plaintiff moves for appointment of *pro bono* counsel. (ECF 3.)

---

[2] This is an apparent reference to a medical malpractice lawsuit that Duffy & Duffy filed
on Plaintiff's behalf in New York State Supreme Court, Rockland County, against Nyack
Hospital, Dr. Murray, and Good Samaritan Hospital. *See Best v. Ramapo Manor Nursing Ctr.*,
Ind. No. 030287/2015. Publicly available court records show that a jury returned a verdict in
favor of defendants; that judgment was entered on June 23, 2022; and that Plaintiff filed a *pro se*
notice of appeal. *See Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4
(2d Cir. 2003) (noting that courts may consider matters that are subject to judicial notice,
including court records). Attached to this complaint is a notice from the New York State Court of
Appeals, dated February 24, 2025, acknowledging Plaintiff's payment for an unspecified motion
in that court. (ECF 1 at 12.) The motion may relate to Plaintiff's appeal from the state court
medical malpractice case.

**DISCUSSION**

**A.    Federal claims under 42 U.S.C. § 1983**

Because Plaintiff invokes the Court's federal question jurisdiction, and alleges that

Defendants violated his constitutional rights, the Court construes his claims as arising under 42

U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

**1.    Claims against Dr. Murray, Nyack Hospital, and Good Samaritan Hospital**

To state a claim for relief under Section 1983, a plaintiff must allege facts showing that

each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage."

42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v.

Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary

Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d

307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not

private parties."). As Defendants Dr. Murray, Nyack Hospital, and Good Samaritan Hospital are

private parties who are not alleged to work for any state or other government body, Plaintiff has

not stated a claim against these defendants under Section 1983. Accordingly, the Court dismisses

Plaintiff's Section 1983 claims against Dr. Murray, Nyack Hospital, and Good Samaritan

Hospital for failure to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**2.    Claims against Helen Hayes Hospital**

Helen Hayes Hospital is a public, state-operated hospital, and thus qualifies as a state

actor for purposes of Section 1983 liability. Plaintiff alleges that in 2012, he was sent to Helen

4

Hayes for therapy, but his condition worsened while he was there. Even if the Court assumes that Plaintiff's allegations against Helen Hayes Hospital state a constitutional claim under Section 1983, his claim appears to be time-barred.

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff knew or had reason to know of his injuries in or about 2012, demonstrated in part by the fact that he pursued litigation in state court against the other Defendants in 2015. Plaintiff filed this complaint on February 21, 2025, well beyond the limitations period that applies to Section 1983 claims.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable

to protect [his] legal rights because of an overall inability to function in society"). New York also

provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,*

N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at

§ 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-

arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at

§ 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be

equitably tolled in this case. Because the failure to file an action within the limitations period is

an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed.

*See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where

the existence of an affirmative defense, such as the statute of limitations, is plain from the face of

the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d

Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v.*

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on

statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court

should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on

statute of limitations grounds).

The Court grants Plaintiff leave to file an amended complaint to provide any available

facts suggesting that the statute of limitations should be equitably tolled in connection with any

Section 1983 claims against Helen Hayes Hospital.

**B.    Claims under state law**

**1.    Diversity of citizenship subject matter jurisdiction**

Plaintiff's allegations could be construed as asserting claims of medical malpractice or

negligence, which arise under state law.[3] To establish the Court's jurisdiction under 28 U.S.C.

§ 1332 for the purpose of asserting state-law claims, a plaintiff must first allege that the plaintiff

and the defendants are citizens of different states. *Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381,

388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in

excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted).

Plaintiff does not allege facts suggesting that the Court has diversity of citizenship

jurisdiction of this matter. First, complete diversity of citizenship does not appear to exist among

the parties. Plaintiff is a citizen of New York. He sues three hospitals that are also located in

---

[3] In New York, an action to "recover for personal injuries against a medical practitioner or a medical facility or hospital may be based either on negligence principles or on the more particularized medical malpractice standard.'" *Razzoli v. Richmond Univ. Med. Ctr.*, No. 23-CV-06697, 2023 WL 7017105, at *2 (E.D.N.Y. Oct. 25, 2023) (quoting *Kushner v. Schervier Nursing Care Ctr.*, No. 05-CV-05297 (DAB), 2011 WL 1201936, at *9-10 (S.D.N.Y. Mar. 23, 2011)). "The distinction between these kinds of claims is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two." *Id.* (quoting *Weiner v. Lenox Hill Hosp.*, 88 N.Y.2d 784, 787 (1996)) (internal quotation marks omitted). "A claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician.'" *Id.* (quoting *Sha v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 99-CV-03233 (AKH), 2000 WL 1760883, at *2 (S.D.N.Y. Nov. 29, 2000)). A claim "sounds in negligence when 'the provider failed to fulfill a different duty.'" *Id.* (quoting *Gjini v. United States*, No. 16-CV-03707 (KMK), 2019 WL 498350, at *25 (S.D.N.Y. Feb. 8, 2019)). In either case, a plaintiff must demonstrate that the deviation or departure from accepted practice, or other breach of duty, was the proximate cause of his injury. *See Rivera v. Fed. Bureau of Prisons*, No. 17-CV-05103 (GBD) (DF), 2018 WL 11312146, at *10 (S.D.N.Y. Dec. 14, 2018), *report & recommendation adopted*, 368 F. Supp. 3d 741 (S.D.N.Y. 2019) (comparing standards).

New York, and provides no information about the citizenship of Dr. Murray. Second, Plaintiff

does not allege any facts showing that, to a reasonable probability, his claim exceeds $75,000.

Even if Plaintiff were able to establish the Court's jurisdiction of his state-law claims, his

complaint appears to be untimely as to those claims. Under New York Civil Procedure Law and

Rules § 214(5), a three-year statute of limitations applies to state law negligence actions, and a

limitations period of two years and six months applies to "medical, dental or podiatric

malpractice" claims. C.P.L.R §§ 214, 214-a. *See Razzoli*, 2023 WL 7017105, at *15 (citing

*Idiakheua v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 20-CV-4169, 2022 WL

10604355, at *15 (E.D.N.Y. Oct. 18, 2022)). Here, regardless of whether the Court construes

Plaintiff's allegations as giving rise to a claim of negligence, to which a three-year state of

limitations applies, or a claim of medical malpractice, to which a limitations period of two years

and six months applies, Plaintiff's complaint, which he filed in connection with events occurring

in 2012, appear to be untimely.

The Court grants Plaintiff leave to file an amended complaint to provide any available

facts suggesting that the Court has diversity of citizenship jurisdiction to consider his state law

claims, and that the statute of limitations should be equitably tolled in connection with his state

law claims against all Defendants.

### 2.      Supplemental jurisdiction

The second way in which a federal court can consider state-law claims is under its

supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction of

state-law claims, however, when it "has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out

of the lawsuit in its early stages and only state-law claims remain, the federal court should

decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)

(footnote omitted). Having dismissed the federal claims of which the Court has original

jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims

Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d

Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'"

(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.    Motion for appointment of counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include

the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the

facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170,

172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the

merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action,

Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days'

leave to amend his complaint, as set forth in this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), or for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h), with 30 days' leave to replead. The motion for *pro bono* counsel is denied without prejudice, and the Clerk of Court is directed to terminate the motion. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    September 24, 2025
          New York, New York

                                        _Louis L. Stanton_
                                         Louis L. Stanton
                                         U.S.D.J.